J-S67012-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHRISTOPHER R. BAKER, :
:
Appellant : No. 242 WDA 2014

Appeal from the PCRA Order January 23, 2014,
Court of Common Pleas, Potter County,
Criminal Division at No. CP-53-MD-0000119-1992

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

JUDGMENT ORDER BY DONOHUE, J.:         **FILED MARCH 31, 2015**

Christopher R. Baker ("Baker") appeals from the January 23, 2014 order entered by the Court of Common Pleas, Potter County.  In a Memorandum dated December 8, 2014, we remanded this case to the PCRA court for a **Grazier**[1] hearing to determine if Baker wished to proceed *pro se* on appeal, or if he chose to have a counseled appeal, with instructions for appointed counsel, Attorney Brent Petrosky ("Attorney Petrosky"), to file with this Court a proper advocate's brief or a "no-merit" letter that complies with the requirements of **Turner/Finley**.[2]  **Commonwealth v. Baker**, 242 WDA 2014, at 5 (Pa. Super. Dec. 8, 2014) (unpublished memorandum).

---

[1]  **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

On February 17, 2015, after conducting a *Grazier* hearing, the PCRA court determined that Baker requested continued representation of counsel.[3] On March 9, 2015, Attorney Petrosky filed a petition to withdraw as counsel and "no-merit" letter dated February 26, 2015 with this Court.

Upon review of Attorney Petrosky's petition to withdraw and "no-merit" letter, we conclude that the "no-merit" letter does not comply with the requirements of *Turner/Finley*. Attorney Petrosky's February 26, 2015 "no-merit" letter fails to satisfy the requirements of *Turner/Finley* as he does not detail the nature and extent of his diligent review of the case or address all four issues raised by Baker in his February 13, 2014 Concise Statement of Errors Complained of on Appeal. Instead, Attorney Petrosky's February 26, 2015 "no-merit" letter appears to address the issues raised by Baker in his November 18, 2013 Amended Petition for State Writ of Habeas Corpus. We therefore deny Attorney Petrosky's petition to withdraw at this time.

Accordingly, Attorney Petrosky is hereby directed to prepare and submit to this Court, **within thirty (30) days of the date of this Order**, either a proper advocate's brief or a "no-merit" letter that comports with **all**

---

[3] After remand, Baker filed a Motion for Appointment of Counsel on December 17, 2014 requesting new counsel be appointed. The PCRA court denied Baker's request, stating, "there is no evidence that there is a breakdown in the attorney client relationship." Order, 2/17/15. Thus, Attorney Petrosky's representation of Baker was continued by the PCRA court.

of the requirements of **Turner/Finley**.  In particular, if Attorney Petrosky

files a revised "no-merit" letter pursuant to this Order, he is instructed to:

> **1. detail the nature and extent of counsel's diligent review of the case; AND**
>
> **2. list all four issues raised by Appellant in his February 13, 2014, Concise Statement of Errors Complained of on Appeal; AND**
>
> **3. explain why and how each of Appellant's four issues lack merit; AND**
>
> **4. request permission to withdraw.**

Attorney Petrosky is further instructed to send to Baker a copy of the

"no-merit" letter, the petition to withdraw, and a statement advising

Appellant of his right to proceed *pro se* or by new counsel.

Panel jurisdiction retained.